IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE H. THOMPSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-2144-D (BH) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to the District Court's *Order of Reference*, filed January 25, 2007, this matter has been referred to the undersigned United States Magistrate Judge for hearing, if necessary, and for recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). Before the Court are the following pleadings:

(1)   Respondent *United States' Motion to Dismiss* ("Mot."), filed January 22, 2007;

(2)   Respondent's *Brief in Support of United States' Motion to Dismiss* ("Mot. Br."), filed January 22, 2007;

(3)   Respondent's *Exhibit A* in support of its Motion to Dismiss ("Mot. App."), filed January 22, 2007;

(4)   Petitioner's *Response to Motion to Dismiss Petition to Quash Internal Revenue Summons* ("Resp."), filed February 9, 2007;[1] and

(5)   Respondent *United States' Reply to Plaintiff's Response to United States' Motion to Dismiss* ("Reply"), filed February 27, 2007.

Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court

---

[1] Petitioner requests that this action be consolidated with twelve related cases. (Resp. at 1 and 6). However, Petitioner neither filed a separate motion to consolidate nor provided any case law or argument in support of his request. To the extent that Petitioner's request can be construed as a motion to consolidate, the Court recommends that it be **DENIED**.

finds that Defendant's *Motion to Dismiss* should be **GRANTED.**

## I.  BACKGROUND

Mr. Lawrence Thompson ("Petitioner") received a letter from the Seattle, Washington office of the Internal Revenue Service ("IRS") on or about April 22, 2006, informing him that his tax return for the tax year ending December 31, 2002, had been selected for audit.  (*Petition to Quash Internal Revenue Summons Under IRC § 7609*, *Thompson v. United States*, No. 3:06-CV-2144-D, 5 (N.D. Tex. filed Nov. 22, 2006) (hereinafter, "Petition.")  Petitioner alleges that he responded to the IRS letter by telephone and by certified mail with an offer to limit the scope of the IRS inquiry to essential information.  (*Id*. at 6.)  Petitioner further alleges that he received no further written communication from the IRS until September 26, 2006, when the IRS informed him that the audit of Petitioner's tax records had been expanded to include the 2003 and 2004 tax years.  (*Id*. at 6-7.)

In mid-October of 2006, Petitioner alleges that he requested to transfer the audit from the Seattle office to the Dallas IRS office.  Later that month, but apparently prior to the transfer, the Seattle office issued forty IRS administrative summonses to various third-party record keepers requesting Petitioner's financial information for the 1998 and 2001–2005 tax years.  (*Id*. at 8-9.)  None of the summoned entities that are directed to answer are located in the Northern District of Texas.  Petitioner asserts that these summonses were not properly issued because the Seattle office violated several administrative procedures that govern the issuance of summonses.  (*Id*. at 15-16.)  Specifically, Petitioner alleges that the IRS (1) did not attempt to obtain the information voluntarily from Petitioner prior to issuing the summonses; (2) requested more information than was relevant to the tax years selected for audit; and (3) failed to provide Petitioner or his counsel notice within three days of issuing the summons.  After unsuccessful informal attempts to resolve the allegedly

improper summonses with IRS officials, Petitioner filed a motion to quash the summonses on November 20, 2006, pursuant to 26 U.S.C. § 7609(b).

On January 12, 2007, the IRS issued letters to the summoned entities formally withdrawing each of the forty summonses. (Mot. Br. at 1; *see* Mot. App.) Copies of these letters were provided to Petitioner's counsel on the same date. On January 22, 2007, the United States ("Respondent") filed a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and for mootness.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *See Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *See id.* (citation omitted). A facial attack usually occurs early in the proceedings and directs the court's attention only to "the sufficiency of the allegations in the complaint because they are presumed to be true." *Patterson v. Weinberger,* 644 F. 2d 521, 523 (5th Cir. 1998). If sufficient, those allegations alone provide jurisdiction. However, if the defendant supports the motion with evidence,

then the attack is factual, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). In a factual attack, matters outside the pleadings, such as testimony and affidavits, may be considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Moreover, a factual attack may occur at any stage of the proceedings. *Id.* Regardless of the nature of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Rodriguez*, 992 F. Supp. at 879. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders*, 143 F.3d at 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)).

Respondent supports its motion with evidence such as affidavits and authenticated documents. Because this is a factual attack, deciding the issues raised by the parties requires the Court's resolution of factual matters outside the pleadings. Accordingly, no presumption of truth attaches to Petitioner's factual allegations. *See Williamson*, 645 F. 2d at 412.

### III. ANALYSIS

Respondent moves to dismiss Petitioner's motion to quash pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. (Mot. at 1.)

**A. Mootness**

The Government alleges that this case is moot since it has withdrawn the forty summonses at issue. (Mot. at 3.) A motion under Rule 12(b)(1) may be brought for lack of subject matter jurisdiction on the grounds that a claim is moot. FED. R. CIV. P. 12(b)(1); *see also AmWest Sav. Ass'n v. Farmers Market of Odessa, Inc.,* 753 F.Supp. 1338, 1347 (W.D. Tex. 1990). A case becomes moot if it "no

longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id*.

On January 12, 2007, the IRS formally withdrew each of the summonses at issue in the instant case. (Mot. Br. at 3; *See* Mot. App.) Petitioner concedes this fact (Resp. at 1), and the appendices submitted by the parties confirm that the summons have been withdrawn. (*see* Mot. App. 3-36; *see* Resp. at 8-41). Since the summons have been withdrawn, there is no actual controversy and Petitioner's action is moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006) ("Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot"); *Sierra Club v. Glickman*, 156 F.3d 606, 619 (5th Cir. 1998) ("a matter is moot for Article III purposes if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome"); *see also Pacific Fisheries, Inc. v. U.S.*, 2004 WL 2284390, *1 (W.D. Wash. Sept. 3, 2004), *aff'd* 2007 WL 1120686 (9th Cir. Apr. 17, 2007) (petitioner's motion to quash became moot when the IRS withdrew summons); *Kearns v. United States*, 580 F. Supp. 8, 10 (S.D. Ohio 1983) (motion to quash administratively withdrawn IRS summons must be denied).

Petitioner notes that the IRS has indicated its intent to reissue the summons but provides no argument in support of this claim. (Resp. at 1; *see* Resp. App. at 8-41 (language in withdrawal notices stating that the IRS plans to re-serve the summonses)). To the extent that he argues that the withdrawn

summons are subject to the "capable of repetition, yet evading review" exception to the mootness doctrine, the exception is inapposite. This exception permits federal courts to decide a case where: (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). Since any reissued summons would be subject to review through a motion to quash, Petitioner's claim does not satisfy the first element.

Accordingly, because the Court lacks the constitutional power to adjudicate Petitioner's claim on grounds of mootness, the case should be dismissed pursuant to Rule 12(b)(1).[2] *Home Builders*, 143 F.3d at 1010 (5th Cir. 1998).

**B. Attorneys' Fees**

Although Petitioner's action is moot, he asserts that Respondent's motion to dismiss should be denied in order to determine his entitlement to costs in bringing his action pursuant to 26 U.S.C. § 7430. (Resp. at 1.) However, an "interest in attorneys' fees... is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990) (citing *Diamond v. Charles*, 476 U.S. 54, 70-71 (1986)); *Vivian Tankships Corp. v. State of Louisiana*, 254 F.3d 1080 (table), 2001 WL 563773, at *3 (5th Cir. 2001) (attorneys' fees are considered "sunk costs" and do not create a legally cognizable dispute that will save an action from the operation of the mootness doctrine). Since the IRS summonses have been withdrawn in the instant case, the underlying action is moot, and Petitioner's claim for attorneys' fees is insufficient to maintain a justiciable case or controversy.

---

[2] Because the Court finds lack of subject matter jurisdiction on the basis of mootness, it need not consider whether this Court lacks subject matter jurisdiction to address summonses directed to entities outside the Northern District of Texas, (*see* Mot. at 2), and whether some of these entities may be found in this district by virtue of their branch offices, (*see* Petition at 2, n. 1).

## IV.  CONCLUSION

For the reasons stated above, the Court recommends that Respondent's *Motion to Dismiss* be **GRANTED,** and that Petitioner's claims be **DISMISSED without prejudice**.

**SO RECOMMENDED** on this 19th day of April, 2007.

*[signature]*
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE